[No. 29546.   Department Two.   March 17, 1945.]

JOHN FERRY *et al., Appellants,* v. HAROLD HODSON *et al., Respondents.*[1]

*Marion Garland, Sr.,* and *Marion Garland, Jr.,* for appellants.

*Frederick B. Cohen* and *John E. O'Larey,* for respondents.

SIMPSON, J.—This action was instituted to restrain defendants from trespassing upon real property belonging to plaintiffs.   The complaint alleged that plaintiffs owned certain described lands in Kitsap county, a portion of which defendants Hodson were trying to take into their possession, contrary to the wishes and against the objections of plaintiffs.

Defendants filed an answer, denying the allegations of the complaint, and then set out an affirmative defense by pleading the statute of limitations as to plaintiffs' claim and that the defendants and their predecessors in interest

[1]Reported in 156 P. (2d) 913.

had open, notorious, and adverse possession to the real property for more than ten years last past.

In a cross-complaint, defendants contended that they were the owners of certain lots in Navy Yard City, on which property they had constructed dwelling houses and had also constructed a fence on the east line of the property to make a boundary between the property and an unimproved thirty-foot road, platted as a part of the plat of Navy Yard City and known as Highland drive; further, that plaintiffs had taken possession of and were claiming the thirty-foot road without any right, title, or interest in or to it. The Campbells, Wrights, and Stoopes, whose interests were similar to defendants, were allowed to intervene.

The case was tried to the court sitting without a jury. The court made findings of fact and conclusions of law and then entered judgment in favor of defendants and interveners. Plaintiffs have appealed.

The assignments of error, five in number, raise the question as to whether or not an individual can lose his property when it is surveyed and platted by another and where there was no adverse possession claimed by those who platted adjoining property.

The facts may be summarized as follows: During the year 1909, a map was filed in the auditor's office of Kitsap county, which was thereafter known as the plat of Navy Yard City. The map showed the east side of the plat to be the north and south line of the center of section 22, T. 24 N, R 1, E. W. M. The map or plat indicated by a dotted line a thirty-foot strip named "Highland drive." Highland drive was all upon land just east of the center line of that section and did not belong to the ones who platted Navy Yard City. Appellants own land east of the center line of section 22 and respondents own real property immediately west of appellants'.

In 1920, Angeline Newlon, who owned lots in Navy Yard City, instituted an action against Andy P. Anderson, predecessor in interest of appellants. In that action, she sought a decree denying title to the land in Anderson.

November 17, 1921, the parties stipulated that the action be dismissed. December 3, 1921, an order of dismissal with prejudice to the bringing of another action was entered by the judge of the superior court of Kitsap county.

It is conceded that Highland drive, as platted, extends over onto the property owned by appellants. The land lying on both sides of the center line of section 22 was rough, unimproved land, and no attempt was ever made to open up or improve the so-called street until shortly before the beginning of this action. Respondents Harold Hodson and wife were unable to reach the highway from their lots, and on March 31, 1941, appellants gave to them a fifteen-foot easement over the property now in dispute. Thereafter, respondent Hodson commenced building a fence and bulkhead on the fifteen-foot strip instead of using it for a roadway.

The question presented for our consideration is: Did respondents acquire an interest in the thirty-foot strip of land known as Highland drive because the people who platted Navy Yard City made a mistake and in their survey located the drive upon appellants' property? The evidence shows that there was no possession of any character by respondents, and the court stated in his memorandum opinion:

"In the case of none of these defendants, however, is it believed that there was actual ownership coupled with active use of the property at any period more than ten years prior to the institution of the present action."

It is conclusively shown that neither appellants nor their predecessors had anything to do with the platting of Navy Yard City. The land was neither fenced off nor used in any way by respondents or others.

Respondents lay great stress on the action instituted by Mrs. Newlon in 1920 and contend that Mr. Anderson and his successors in interest had notice of the thirty-foot right of way and by not asserting ownership for a long period of time are estopped from asserting their ownership in the property. We know of no rule of law which compels the owner of land to attack a claim against his property

unless that claim has the backing of possession that is open, notorious, hostile, and exclusive under a claim of right. *Roesch v. Gerst*, 18 Wn. (2d) 294, 138 P. (2d) 846.

 The filing of the plat did not initiate an adverse claim, nor could it be considered as an assertion of a legal right. The beginning of the action in 1920 was no more effective than the filing of the plat. *Price v. Humptulips Driving Co.*, 116 Wash. 56, 198 Pac. 374. There was no judgment entered in that case. The most that can be said of that proceeding is that plaintiff finally decided that she did not have a cause of action.

The judgment is reversed, with instructions to enter a decree in favor of plaintiffs quieting the title to the land in question.

BEALS, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.